PER CURIAM.
By this interlocutory appeal, the State seeks review of an order of the trial court granting a motion to suppress filed by the defendant, who was charged with possession of a firearm by a convicted felon contrary to F.S. 790.23.
The facts are not in dispute. While investigating a report that two men had pushed another through the plate glass window of a neighboring establishment, officer Eddy, in the company of two other officers, entered the Dutch Inn Tavern. Officer Eddy found a five dollar bill on the floor on the patrons’ side of the bar. The defendant, who was the bartender and who was in charge of the establishment, claimed ownership. The officer insisted on taking the bill to the police property room. Although voices were raised in a loud debate there were no threats nor overt movements by either the bartender or the officer. Then the officer walked to the end of the bar to an open space which was the entrance to the area occupied by the bartender behind the bar. As he entered the open space at the end of the bar the bartender (defendant) took a long stride toward a drawer in the wall behind him (as distinguished from the customer bar, which was in front of the defendant). The officer grabbed the hand of the defendant and did not permit him to open the drawer. Holding the defendant’s arm, the officer opened the drawer himself and there found, among other things, a pistol in a holster. He asked the defendant “are you a convicted felon?” to which the defendant responded affirmatively. Appellant was then arrested on a charge of possession of a firearm by a convicted felon. After the arrest the officer gave defendant his Miranda warnings. The officer testified that until he was told by defendant that he was a convicted felon he (the officer) had not planned to place him under arrest be *218 cause he had violated no law to his knowledge.
The record reveals no valid reason for the officer having attempted to enter the private area occupied by the defendant behind the bar. The officer, by his own testimony, admitted that he had no reason to believe that any law was being violated or had been violated in the tavern nor by the defendant. The officer’s presence in the tavern was to investigate an episode which had occurred next door.
The learned trial judge explained his order of suppression in a thorough and well reasoned written order in which he cited cases from this court, the Supreme Court of Florida and the Supreme Court of the United States. The record and the law support his conclusion.
AFFIRMED.
BOYER and MILLS, JJ., concur.
McCORD, C. J., dissents.